UNITED STATES *v.* ISLER & GUYE (No. 2579)[1]

CASUALTY AFTER THREE YEARS IN WAREHOUSE.

Section 563, Tariff Act of 1922, entitles an importer to allowance in duty for goods suffering casualty in bonded warehouse and permits him to abandon his goods within three years of their entering a warehouse. Section 557 allows goods to remain in warehouse three years and no longer. Section 559 abandons to the Government goods remaining in warehouse beyond three years. One who suffers his goods to remain in bonded warehouse more than three years loses all property in them, and has no claim for refund of duty for their having then suffered casualty.

United States Court of Customs Appeals, February 2, 1926

APPEAL from Board of United States General Appraisers, Abstract 48906

[Modified.]

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.
*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellees.

[1] T. D. 41369.

[Oral argument December 17, 1925, by Mr. Igstaedter and Mr. Place]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Government has appealed from the action of the Board of United States General Appraisers granting applications of the appellees for abatement, or refund of duties, on account of the destruction, by fire, on August 26, 1923, of certain merchandise consisting of straw braids, straw buttons, and straw hats.

There was no testimony taken and the case was submitted upon facts agreed to and stipulated into the record by counsel.

It is agreed that a warehouse entry of the merchandise was made on July 2, 1920, and that the merchandise was destroyed by fire on August 26, 1923; that the goods were in the bonded warehouse at the time of their destruction by fire; that duties had been paid, by the importers, upon all the merchandise before the expiration of three years after the merchandise had been warehoused; that permits of delivery had been duly issued, by the collector of customs, for all the imported merchandise involved, at the time of payment of the duties thereon; that the merchandise represented by claims 539, 540, and 545 had not remained in warehouse for a period of three years; that there was no free section to the warehouse where those goods were stored, but that all the space therein was bonded; that the warehouse was locked at night and unlocked in the morning by the United States storekeeper, who has the sole custody of the keys of the warehouse.

It was further stipulated and agreed, with the approval of this court, that an order should be entered affirming the decision of the Board of United States General Appraisers as to claims 539, 540, and 545.

The application of the importers for the abatement of duties was made under the provisions of section 563 of the Tariff Act of 1922, which is as follows:

SEC. 563. ALLOWANCE FOR LOSS—ABANDONMENT.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in a bonded warehouse: *Provided*, That upon the production of satisfactory proof to the Board of General Appraisers of actual injury or destruction, in whole or in part, of any merchandise, by accidental fire or other casualty, *while in bonded warehouse*, or in the appraiser's stores undergoing appraisal, or while in transportation under bond from one port to another, or while in the custody of the officers of the customs, although not in bond, or while within the limits of any port of entry, and before the same has been landed from the importing vessel or vehicle, such board is hereby authorized to order an abatement or refund, as the case may be, * * *. *And provided further*, That the consignee may, with the · consent of the Secretary of the Treasury, at any time prior to *three years* from

the date of original importation abandon to the Government any merchandise in bonded warehouse and be relieved of the payment of duties thereon: * * *. (Italics ours.)

It is the contention of the importers that the goods in controversy were "in bonded warehouse," at the time of their destruction, by fire, and that they are entitled to the rebate of duty regardless of the length of time they had remained in such bonded warehouse, since said section 563 does not limit the recovery to goods which had been in the warehouse less than three years. The Board of General Appraisers did not discuss the question, but evidently took this view of the case in granting the petition.

It is the contention of the Government that sections 557 and 559 of the Tariff Act of 1922 should be read in connection with section 563.. Sections 557 and 559 are as follows:

SEC. 557. STORABLE GOODS—WAREHOUSE PERIOD—DRAWBACK.—Any merchandise subject to duty, * * * may be entered for warehousing and be deposited in a bonded warehouse at the expense and risk of the owner, importer, or consignee. Such merchandise may be withdrawn, at any time within *three years* from the date of importation, * * *: *Provided, That the total period of time for which such merchandise may remain in bonded warehouse shall not exceed three years.* Merchandise upon which the duties have been paid and which shall have remained continuously in bonded warehouse or otherwise in the custody and under the control of customs officers, may be entered or withdrawn at any time within three years after the date of importation for exportation, or for transportation and exportation * * *.

Merchandise entered under bond, under any provision of law, may be destroyed, at the request and at the expense of the consignee, *within the bonded period* under customs supervision, in lieu of exportation, and the consignee relieved of the payment of duties thereon. (Italics ours.)

SEC. 559. ABANDONMENT OF WAREHOUSE GOODS.—Merchandise remaining in bonded warehouse *beyond three years* from the date of importation shall be regarded as abandoned to the Government and be sold under such regulations as the Secretary of the Treasury shall prescribe, * * *. (Italics ours.)

It will be observed that section 557 provides "That the total period of time for which such merchandise may remain in bonded warehouse shall not exceed three years," and that the merchandise may be withdrawn at any time "within three years." The same section also provides that, where the duty has been paid upon merchandise and it is in the control of customs officers, it may be entered or withdrawn at any time "within three years" after the date of importation for exportation, or for transportation and exportation; and also that the goods may be destroyed at the request and at the expense of the consignee "within the bonded period," in which instance the consignee is relieved of the payment of duties thereon.

Section 559 provides that *merchandise remaining in bonded warehouse beyond three years from the date of importation shall be regarded*

*as abandoned to the Government and be sold under such regulations as the Secretary of the Treasury shall prescribe.*

Nowhere in the act is there a provision where the importer has the right to do anything with his goods after they have remained in the bonded warehouse more than three years. If they are abandoned he does not have the right to withdraw them, or export them, or destroy them, nor may he, in any way, avoid the duty.

The Government contends that importers lost all rights they might have had under section 563 by their violation of section 557 and by the operation of section 559, and that the goods were no longer in warehouse for the purposes of the provisions of section 563, relating to allowance of duties for injury or destruction. We agree with the Government in this contention.

The tariff act of 1922 granted to the importer liberal rights which he had not previously enjoyed in connection with the recovery of duties paid upon goods which had been damaged or destroyed by accidental fire or casualty in bonded warehouse and elsewhere. Congress clearly had the right to fix a limit of time within which this privilege could be exercised, and, while it did not definitely fix the limit in section 563, it provided definitely in the act that three years was the limit for goods to remain in bonded warehouse. In section 563, under which appellees' claim is filed, it was stated, in effect, that after three years they could not abandon their goods to the Government and be relieved of the payment of duties. Surely, if Congress intended that an importer should not have the right to abandon his goods to the Government and have an abatement of duty if he left them in warehouse more than three years, it did not intend that if the goods were destroyed by fire after they had been warehoused three years, and thereby abandoned, such importer would have the right to have his duties abated. The proviso, at the end of the section 563, provides for a voluntary abandonment within the bonded period, with a request that importer be relieved of duty. Section 559 provides for a constructive abandonment and makes no provision for refund of duty. The goods in controversy were abandoned under section 559. From a consideration of the provisions of the three sections herein considered, would it be reasonable to suppose that Congress meant that the owner of goods, which remained in warehouse over three years, should not be rebated for duty paid thereon where they were not destroyed, and, at the same time, intend that if they happened to be burned then in that instance the duties would be returned, although in both instances the goods would have been abandoned and lost to the importer? We think not. The right in the Government to the duties on the goods became absolute and irrevocable upon their abandonment.

The case of *Uberti* v. *United States,* 12 Ct. Cust. Appls. 373, is relied upon somewhat, by the importers, as controlling in the case at bar. There the goods had not remained in warehouse three years, and the question before us in this case was, in no sense, before the court in the *Uberti* case.

The Board of General Appraisers should have denied the application for the allowance of duty involved in all of the claims for goods which had remained in the bonded warehouse for a period of more than three years, and were right in allowing the petition, in so far as it applied to the claims involving goods which had remained in warehouse less than three years at the time of casualty.

In accordance with the stipulation the judgment of the Board of General Appraisers as to claims 539, 540, and 545, is affirmed, and, as to all other claims, the judgment of the Board of General Appraisers is reversed.

*Modified.*