(C. D. 735)

Dr. Walter Werner *v.* United States

United States Customs Court, Third Division

(Decided February 15, 1943)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: The controversy before us arises over the assessment of duty by the collector at the appropriate rates upon the contents of a trunk containing the personal effects of the plaintiff. The plaintiff claims that such effects are entitled to free entry under the provisions of paragraph 1632, paragraph 1747, or paragraph 1798, and that any regulation of the Secretary of the Treasury authorizing the collection of duties on household and personal effects is unwarranted and contrary to law, and that such regulations are illegal, null, and void. It is further claimed that such duties should be refunded under the provisions of section 520 (4), of the Tariff Act of 1930.

At the trial the plaintiff testified that the articles in question were the personal and household effects of his wife and himself which had been owned and used by them for more than 10 years in their home in Vienna, Austria; that he left Austria in February 1939, to reside in Czechoslovakia; that subsequently he escaped from Czechoslovakia to England, and his trunk was forwarded to Paris for shipment to a Mr. Bruno Weiss in Baltimore, Md.; that the trunk arrived in Baltimore in June 1939, but he was unable to obtain his visa in England to embark for the United States and therefore could not arrive prior to July 29, 1940; and that upon August 8, 1940, he attempted to obtain his effects from the collector at the port of Baltimore and the collector required him to pay duties upon the articles in addition to the storage charges which had accumulated thereon, before giving him possession of the same.

Mr. Bruno Weiss, to whom the plaintiff had sent his trunk, testified that he had received notice in June 1939, that Dr. Werner's trunk had arrived; that he was informed that he could do nothing about obtaining possession of it because he was not the owner; that he made no attempt as the consignee to file either a warehouse or consumption entry and that he neither claimed the merchandise nor paid any of the storage charges.

Mr. L. L. McLanahan, chief of the liquidating division at Baltimore, testified that the appraisement entry in question was liquidated as dutiable under Department ruling T. D. 50171 (3) and that prior to such ruling an importer could claim abandoned merchandise at

any time before it was sold by the Government without payment of duty.

Counsel for the plaintiff contends that the Department ruling published in T. D. 50171(3) is unreasonable, illegal, null, and void, because paragraph 1798 does not refer to any regulations to be promulgated by the Secretary of the Treasury in reference to personal effects of persons arriving in this country; that no time limit within which the owner must arrive in the United States is stated, and therefore Congress intended to set no limit upon the time a person should arrive in the United States after sending his baggage in advance; that the ruling of the Department attempted to change a long-continued, established, and uniform practice of permitting, under the statutes, the free entry of personal or household effects without imposing or engrafting any statute of limitations, and that where there has been a long-continued administrative practice sanctioned by Congress such practice is not to be disregarded without the most cogent and persuasive reasons, and should not be changed or disturbed unless Congress so specifies.

The articles in question consist of fur, cotton, and wool apparel, jewelry, and two watches, all such personal effects as would be entitled to free entry under the provisions of paragraph 1798. The paragraph and sections of the Tariff Act of 1930, provide, so far as applicable, as follows:

PAR. 1798. Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale:

*   *   *   *   *   *   *

Section 520 of the Tariff Act of 1930 was amended by the Customs Administrative Act of 1938 to read as follows:

SEC. 520. REFUNDS AND ERRORS.

(a) The Secretary of the Treasury is hereby authorized to refund duties or other receipts in the following cases:

*   *   *   *   *   *   *

(b) The necessary moneys to make such refunds are hereby authorized to be appropriated annually from the general fund of the Treasury.

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct.

*   *   *   *   *   *   *

(2) Any assessment of duty on household or personal effects which by law were not subject to duty and in respect of which an application for refund has been filed with the collector within one year after the date of entry.

SEC. 491. UNCLAIMED MERCHANDISE.

Any merchandise of which possession has been taken by the collector which shall remain in bonded warehouse or public store for one year from the date of importation without entry thereof having been made and the duties and charges thereon paid, and any merchandise, destined to a foreign country, entered for transportation in bond through the United States, which shall remain in the United States during a period of one year from the date of its arrival at the port of exit (but in no case less than one year after the effective date of this Act) without having been entered for consumption or warehouse, shall be considered unclaimed and abandoned to the Government and shall be appraised by the appraiser of merchandise and sold by the collector at public auction under such regulations as the Secretary of the Treasury shall prescribe.   *   *   *.

\*          \*          \*          \*          \*          \*          \*

SEC. 491. UNCLAIMED MERCHANDISE (as amended by the Customs Administrative Act of 1938):

Any entered or unentered merchandise (except merchandise entered under section 557 of this Act, but including merchandise entered for transportation in bond or for exportation) which shall remain in customs custody for one year from the date of importation thereof, without all estimated duties and storage or other charges thereon having been paid, shall be considered unclaimed and abandoned to the Government and shall be appraised by the appraiser of merchandise and sold by the collector at public auction under such regulations as the Secretary of the Treasury shall prescribe.   *   *   *.

Merchandise subject to sale hereunder or under section 559 of this Act may be entered or withdrawn for consumption at any time prior to such sale upon payment of all duties, storage, and other charges, and expenses that may have accrued thereon, but such merchandise after becoming subject to sale may not be exported prior to sale without the payment of such duties, charges, and expenses nor may it be entered for warehouse. *The computation of duties for the purposes of this section and sections 493 and 559 of this Act shall be at the rate or rates applicable at the time the merchandise becomes subject to sale.*   [Italics not quoted.]

In pursuance with the changes made in section 491 by the Customs Administrative Act of 1938, a new decision was issued by the Department on June 17, 1940, T. D. 50171 (3), effective 1 month later, providing as follows:

(3) *Abandoned goods—Household and personal effects.*—Articles which become abandoned under the provisions of section 491, Tariff Act of 1930, as amended, are dutiable at the rate or rates applicable at the time they become subject to sale. Therefore, household and personal effects of the character provided for in paragraph 1798, as amended, and paragraph 1632, Tariff Act of 1930, which belong to persons who have not arrived in this country before the effects have become abandoned and subject to sale are dutiable at the rate or rates in effect at that time, even though such persons arrive and make entry for the effects before they are sold. As this ruling will result in the assessment of duty on merchandise which has heretofore been granted free entry under an established and uniform practice, it should be applied only where the merchandise is entered for consumption after 30 days after this abstract is published in the weekly TREASURY DECISIONS.   *   *   *.

\*          \*          \*          \*          \*          \*          \*

Section 491, as amended, *supra*, in no uncertain terms provides that merchandise considered abandoned to the Government by reason

of remaining in customs custody for 1 year, even though thereafter entered or withdrawn for consumption, shall be subject to duty at the rate or rates applicable at the time the merchandise becomes subject to sale. Therefore all dutiable merchandise, whether specially exempted from duty by reason of its being personal or household effects of persons emigrating to the United States or for other reasons, is, for purposes of sale, assessed at the rates of duty regularly applicable. Congress in its wisdom has provided that such rates of duty shall be used for computing the duties upon any entered or unentered merchandise remaining in customs custody for 1 year from the date of importation.

In view of the changes made in the law prior to the importation and entry of the personal effects in question, judgment will be entered in favor of the Government.