BEFORE THE THIRD DIVISION, FEBRUARY 22, 1945

**No. 50041.**—Protests 90428–K, etc., of Schou Gallis Co., Ltd. (San Francisco).

KEEFE, Judge:   The merchandise in question consists of mineral oil in drums which was entered for warehouse August 29, 1938, and January 26, 1939, and regularly liquidated on November 1, 1938, and August 29, 1939, respectively. The mineral oil was classified as free of duty under paragraph 1733, Tariff Act of 1930, and the drums at 25 percent ad valorem under paragraph 328. However, in manner provided in section 601 (b), Revenue Act of 1932 (U. S. C. title 26, § 3430), the oil was assessed with a tax of 4 cents per gallon under section 601 (c) (4) of said act (U. S. C. title 26, § 3422). Upon withdrawal of the mineral oil from warehouse, the collector made demand upon the importer for payment of the

liquidated duties. The importer made payment thereof under protest claiming that the merchandise was sold for use as ships' stores or supplies and therefore was exempted from payment of any duty or tax by virtue of section 630, Revenue Act of 1932, as amended by section 5, act of June 16, 1933, 48 Stat. L. 255, and article 464, Customs Regulations of 1937.

At the trial of this case, counsel for the Government moved to dismiss. It is contended by the Government that the protests should be dismissed, first, because they were filed more than 60 days after liquidation of the entries and consequently untimely under the provisions of section 514, Tariff Act of 1930; and second, because the merchandise, being in warehouse for more than 3 years, is deemed abandoned to the Government prior to delivery to the importer. The Government stresses the fact that under the statute the dutiable status of the merchandise became fixed as of the dates of abandonment, and therefore it is contended that the collector's action in the matter is no longer subject to protest.

Counsel for the importer admitted that the goods remained in warehouse more than 3 years and that there was no extension of time asked for or granted by the Secretary of the Treasury, and that the goods were forfeited to the United States.

Section 559, Tariff Act of 1930, provides that when merchandise remains in bonded warehouse beyond 3 years from the date of importation, without the payment of the duties or charges thereon, the same shall be regarded as abandoned to the Government. Section 491, as amended by the Customs Administrative Act of 1938, provides that merchandise which becomes the subject of sale under the provisions of section 559 may be entered or withdrawn for consumption at any time prior to sale upon the payment of all duties, storage, and other charges and expenses that may have accrued thereon. However, it is also specifically provided in connection therewith as follows:

* * * such merchandise after becoming subject to sale may not be exported prior to sale without the payment of such duties, charges, and expenses nor may it be entered for warehouse. *The computation of duties for the purpose of this section and sections 493 and 559 of this Act shall be at the rate or rates applicable at the time the merchandise becomes subject to sale.* [Italics not quoted.]

This question as to the construction of section 491, as amended, *supra*, arose in the case of *Werner* v. *United States*, 10 Cust. Ct. 123, C. D. 735. There certain personal effects had remained in customs custody for 1 year and became abandoned to the Government under section 491. Thereafter, the plaintiff attempted to obtain his effects from the collector and was required to pay duties upon the articles, in addition to accumulated storage charges, in order to obtain possession. The plaintiff claimed that Congress intended to set no limit upon the time a person should arrive in the United States after sending his baggage. The court held as follows:

Section 491, as amended, *supra*, in no uncertain terms provides that merchandise considered abandoned to the Government by reason of remaining in customs custody for 1 year, even though thereafter entered or withdrawn for consumption, shall be subject to duty at the rate or rates applicable at the time the merchandise becomes subject to sale. Therefore all dutiable merchandise, whether specially exempted from duty by reason of its being personal or household effects of persons emigrating to the United States or for other reasons, is, for purposes of sale, assessed at the rates of duty regularly applicable. Congress in its wisdom has provided that such rates of duty shall be used for computing the duties upon any entered or unentered merchandise remaining in customs custody for 1 year from the date of importation.

In view of the changes made in the law prior to the importation and entry of the personal effects in question, judgment will be entered in favor of the Government.

In the case of *United States* v. *Isler & Guye*, 13 Ct. Cust. Appls. 485, T. D. 41369, our appellate court pointed out that section 559, Tariff Act of 1922, provided that merchandise remaining in bonded warehouse beyond 3 years from the

date of importation shall be regarded as abandoned to the Government and be sold under such regulations as the Secretary of the Treasury shall prescribe. The goods were abandoned under section 559 and it was held that the right in the Government to the duties on the goods became absolute and irrevocable upon their abandonment.

We are of the opinion that in view of the statutory provisions the right of the Government to the duties or taxes levied upon the mineral oil herein became fixed as of the time of abandonment and anything happening thereafter would not affect the dutiable status thereof. Were such taxes fixed by statute as of the time of withdrawal (see *Martino* v. *United States*, 12 Cust. Ct. 154, C. D. 852) another question would be presented. Inasmuch as the correctness of the collector's assessment of duty or tax has not been challenged by the protests, the only question being whether or not the goods should have been assessed at all, we are of opinion that the Government's motion is well taken. In view of the position we have taken it is unnecessary to discuss the Government's motion to dismiss for timeliness.

For the reasons stated, the protests hereby are dismissed and judgment will be entered accordingly.